# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2056 | **DATE** | March 6, 2012 |
| **CASE TITLE** | PERALES v. TOWN OF CICERO, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion for a protective order [36] is granted. Plaintiff's motion for protective order [39] is denied.

## STATEMENT

Before the court is Defendants' motion for a protective order to bar Mr. Jerry Robuck, a purported videographer, from recording several depositions in this case pursuant to F. R. Civ. P. 28 (c).

Plaintiff recently served notice on Defendants of several depositions to be recorded stenographically and by digital video/audio recording. The proposed stenographer, a representative of Wichmann-Klawitter Reporter, is an "officer" under Rule 28(a)(1)(A). The proposed videographer, Mr. Robuck, is not. Further, Defendants believe that Mr. Robuck is an employee of Kurtz Law Offices, which represents Plaintiff in this action. Defendants argue that Mr. Robuck is therefore disqualified on two grounds. First, by Rule 28(c), which prohibits the taking of depositions before "a person who is any party's relative, employee, or attorney; who is related to or employed by an party's attorney; or who is financially interested in the action." Second, by Rule 30(f)(3), which requires that an officer retain a copy of the recording of a deposition taken by a non-stenographic method. Plaintiff argues that Mr. Robuck is an independent contractor rather than an employee, and is therefore not barred by the plain language of Rule 28(c). Plaintiff also contends that the presence of a Wichmann-Klawitter representative will satisfy all rules requiring depositions to be taken before officers.

The federal rules do not specify whether, if the parties fail to stipulate otherwise, a separate officer is needed for each method of deposition recording. There does not appear to be controlling precedent on the matter. Nevertheless, it is possible to discern an answer by interpreting the rules that fall along the periphery of the question. First, Defendants are right that under Rule 30(f)(3) Mr. Robuck cannot retain the official copy of the video recording because he is not an officer. If Plaintiff's theory is correct–that the presence of one officer is sufficient no matter how many recording methods are used–than presumably that one officer would have to retain the official copies of all recordings to satisfy Rule 30(f)(3). So in this case, the Wichmann-Klawitter representative would retain copies of Mr. Robuck's video-recording. This is nonsensical. The

| STATEMENT |
|---|

point of the rule is to preserve a true copy of the recording by keeping it with the person who produced it and can attest to its accuracy. This purpose would be undermined if one officer was responsible for retaining multiple methods of recording, some of which the officer had no role in producing. Further, it would make little sense for the Wichmann-Klawitter representative to take payment for and distribute the video recording to the parties or the deponent, as the rule also requires.

Second, Rule 30(b)(3)(A) and (B) make clear that the noticing party bears the costs of each method by which they seek to have the deposition recorded. Plaintiff argues she will suffer "great prejudice" if forced to hire a videographer qualified under Rule 28(a)(1)(A) because it will be significantly more expensive. She further argues that Defendants will suffer no prejudice because they can check for video recording irregularities against the stenographic record. This is a subtle attempt to shift costs to Defendants. Defendants should not bear the burden of having to match a lengthy video recording word-for-word against the stenographic record just because Plaintiff wants to hire a videographer on the cheap (which would be a good idea if the rules allowed it). Part of the costs contemplated under the rules are those associated with obtaining recordings of the utmost reliability. Plaintiff is hardly prejudiced by this. A video recording of the deposition is not necessary for prosecuting Plaintiff's claim. To the extent it helps Plaintiff's counsel's law firm in training or settlement negotiations, these interests are only better served by a more reliable and high-quality recording.

Third, the federal rules exhibit a clear concern with ensuring the quality and integrity of each method of deposition recording, as well as the independence of the person making the recording. There is no reason why these concerns should diminish when multiple methods are used simultaneously. To the contrary, a departure from these principles where multiple methods of recording are used will inevitably lead to conflicting records. Sorting through this will inflict unnecessary costs on the parties and the court.

I therefore hold that, unless stipulated otherwise, each method of deposition recording must be accompanied by its own separate Rule 28(a) officer who can perform the duties laid out in Rule 30. Because my holding resolves the instant protective order dispute, I need not reach the question of whether Mr. Robuck is disqualified under Rule 28(c). He is barred from serving as videographer for the depositions in this case because he is not an officer under Rule 28(a).